## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JAMES E. BROYLES,
            Appellant,

            v.

DEPARTMENT OF THE NAVY,
            Agency.

DOCKET NUMBER
AT-0752-13-2462-I-1

DATE: February 19, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

James E. Broyles, Summerville, South Carolina, pro se.

Alison Gray, Washington, D.C., for the agency.

Leonard R. Rippey, North Charleston, South Carolina, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The agency has filed a petition for review of the initial decision, which reversed its action furloughing the appellant.  For the reasons discussed below, we GRANT the agency's petition for review, REVERSE the initial decision, and AFFIRM the furlough action.

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

¶2      The appellant, an Engineer with the agency's Space and Naval Warfare Systems Center (SPAWARSYSCEN) Atlantic in Charleston, South Carolina, was furloughed without pay for 6 days during the summer of 2013.  The action was taken in accordance with cost-cutting measures imposed by the Secretary of Defense in response to the President's order of sequester that began on March 1, 2013.  Initial Appeal File (IAF), Tab 1 at 7-11.  On appeal, the appellant claimed that his salary is funded by the Department of Homeland Security (DHS) pursuant to an interagency agreement such that furloughing him would not assist the Department of Defense (DOD) in meeting its sequestration reductions and that therefore he should have been exempted from the furlough.[2]  *Id.* at 5.  In response, the agency argued that the appellant's position did not meet the exemption criteria outlined in the furlough guidance provided by the Secretary of Defense and the Secretary of the Navy.  IAF, Tab 4 at 4-5, 12.

¶3      In an initial decision based on the written record,[3] the administrative judge reversed the agency's action.  IAF, Tab 7, Initial Decision (ID) at 2, 8.  She agreed with the appellant that his salary is funded from a source outside the DOD budget, specifically, DHS, and therefore that furloughing him does not promote the efficiency of the service.  ID at 6-8.  She further found that exempting employees whose positions are funded by Foreign Military Sales (FMS), as the agency did, because furloughing them would not assist in meeting the agency's sequestration reductions, while not exempting the appellant for the same reason, violates the principle that furloughs must be conducted in a fair and even manner.  ID at 8.

---

[2] The appellant's appeal was originally consolidated with other SPAWARSYSCEN Atlantic appeals under MSPB Docket No. AT-0752-14-0214-I-1.  The administrative judge removed it from the consolidation because she perceived that it raised a unique issue.  IAF, Tab 7, Initial Decision (ID) at 1 n.1.

[3] The appellant declined a hearing.  IAF, Tab 1 at 2.

¶4		On petition for review, the agency argues that the administrative judge's decision is contrary to a precedential decision issued by the Board, as affirmed by the U.S. Court of Appeals for the Federal Circuit, upholding the inclusion in the furlough of employees whose salaries are paid from Working Capital Fund (WCF) accounts, including the Navy WCF.[4]  Petition for Review (PFR) File, Tab 1 at 12-17.  We agree.

¶5		In *Einboden v. Department of the Navy*, 122 M.S.P.R. 302, ¶¶ 10, 16, 18 (2015), the Board found that the Secretary of Defense has authority to establish and oversee defense working-capital funds, that employees paid from WCF accounts are not exempted from furloughs, and that, given the financial constraints posed by sequestration, the furlough, including the furlough of WCF employees, was a reasonable management solution to those restrictions.  Following issuance of the initial decision in this case, our reviewing court affirmed the Board's decision.  *Einboden v. Department of the Navy*, 802 F.3d 1321, 1325-26 (Fed. Cir. 2015).  Therefore, we find that the appellant's status as a WCF employee provides no basis upon which to exclude him from the furlough.

¶6		On review, the agency challenges the administrative judge's statement that 97.7% of the appellant's salary was paid by DHS.  PFR File, Tab 1 at 5-6; ID at 7.  The administrative judge based the statement on the agency's stipulation that, during the relevant time period, the appellant worked 97.7% of his chargeable time on a DHS project.  IAF, Tab 6 at 4.  The agency urges that the stipulation does not compel a finding that the appellant's salary was directly paid by DHS and contends that, on the contrary, he was in fact at all times paid by the Navy WCF.  The agency's claim is supported by a careful reading of the stipulation and the chart documenting the appellant's chargeable time for the period in question.  *Id*. at 4-6.  Under the circumstances, and given the Board and court precedent described above, we find that the agency has shown that the

---

[4] The appellant acknowledges that SPAWARSYSCEN is a WCF activity.  IAF, Tab 5 at 4.

furlough properly included the appellant, that it was a reasonable management solution to the financial restrictions placed on the agency, and that it promoted the efficiency of the service for DOD as a whole. *See National Federation of Federal Employees, Local 1442 v. Department of the Army*, Nos. 2014-3175, 2014-3189, 2014 WL 6143247 (Fed. Cir. Oct. 20, 2015).

¶7    The agency also contends that the administrative judge erred in finding that the agency failed to conduct the furlough in a fair and even manner.  PFR File, Tab 1 at 17-18.  In determining whether the agency structured a furlough in a fair and even manner, a majority of the Board has held that it will not scrutinize the agency's decision in a manner that second-guesses its assessments of its mission requirements and priorities.  *Avery v. Department of Labor*, 120 M.S.P.R. 150, ¶ 10 (2013), *aff'd sub nom. Berlin v. Department of Labor*, 772 F.3d 890 (Fed. Cir. 2014).  In a May 14, 2013 memorandum, the Secretary of Defense approved eight exceptions to the furlough applicable to agency personnel.  One such exception was for FMS employees funded entirely from FMS administrative and case funds.  IAF, Tab 4 at 13.  Although the administrative judge found that FMS employees are similarly situated to the appellant, we have found no evidence establishing that the appellant, as a Navy WCF employee, was in fact paid by DHS, rather than by the agency.  The Secretary of Defense's decision to exempt FMS employees based on the clear source of their funding amounts to a spending decision about which the Board lacks the expertise to review and does not support a finding that the agency failed to conduct the furlough in a fair and even manner.

¶8    This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                           _____
                                         William D. Spencer
                                         Clerk of the Board

Washington, D.C.